# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0720V
**Filed: May 3, 2018**
UNPUBLISHED

| | |
|---|---|
| PAULA BURCHAM,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Randall Knutson,* Knutson & Casey Law Firm, Mankato, MN, for petitioner.
*Ryan Daniel Pyles,* U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On May 31, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") caused by the influenza vaccine she received on September 26, 2015, and that the symptoms of her GBS first occurred within 11 days of vaccination. Petition at 1, ¶¶ 4-7, 10. On March 23, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 27).

  On April 24, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 31). Petitioner requests attorneys' fees and paralegal fees in the total amount of $16,160.00 and attorneys' costs in the amount of $930.32. *Id.* at 1. In compliance with

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 1.  Thus, the total amount requested is $17,090.32.

On April 25, 2018, respondent filed a response to petitioner's motion.  (ECF No. 32).   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request.  The undersigned finds it necessary to reduce the hourly rate of petitioner's counsel Mr. Knutson.  Mr. Knutson requested a total of $17,090.32 for work performed from 2016 - 2018.  Petitioner's counsel billed at a rate of $365.00 for work performed in 2016 -2018, and $130.00 for paralegal work performed in 2016 -2018. Both amounts exceed rates previously awarded for Mr. Knutson and his paralegals.  *Spivak v. Sec'y of Health & Human Servs.*, No. 16-0070V, 2017 WL 6503606 (Fed. Cl. Spec. Mstr. May 26, 2017); *Deckert v. Sec'y of Health & Human Servs.*, No. 16-0562V, slip op. (Fed. Cl. Spec. Mstr. May 17, 2017).   As is consistent with other cases in this program, Mr. Knutson's rate is reduced to $295.00 per hour for attorney work performed in 2016 and $75.00 per hour for paralegal work performed in 2016. The undersigned will award the increased rate of $365.00 for Mr. Knutson and $130.00 for paralegal work for hours billed in 2017 and 2018. This results in a total reduction of attorney and paralegal fees in the amount of $732.00.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** in part petitioner's motion for attorneys' fees and costs.

| | |
|---|---:|
| Requested attorneys' fees | $12,227.50 |
| Requested Paralegal fee | $ 3,932.50 |
| Less attorney rate reduction from $365 to $295 for 7.00 hours billed in 2016: | -$ 490.00 |
| Less paralegal rate reduction from $130 to $75 for 4.40 hours billed in 2016: | -$ 242.00 |

| | |
|---|---:|
| Adjusted total for attorneys' fees: | $15,428.00 |
| Requested costs: | + $930.32 |
| **Total Attorneys' Fees and Costs Awarded:** | **$16,358.32** |

      **Accordingly, the undersigned awards the total of $16,358.32[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Randall Knutson.**

      The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                       **s/Nora Beth Dorsey**
                                       Nora Beth Dorsey
                                       Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.